**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUISE SCRUTCHINS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-0925 (JAG) |
| v. : | |
| : | **OPINION** |
| DIVISION of YOUTH and FAMILY : | |
| SERVICES, RUTH STAGG, ROBERT : | |
| SABREEN, JOHN DOES (1-10), JANE : | |
| DOES (1-10), ABC CORP. (1-10), : | |
| Individually, Jointly and Severally, : | |
| : | |
| Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on a motion by Defendants Division of Youth and Family Services ("DYFS"), Ruth Stagg ("Stagg"), and Robert Sabreen ("Sabreen") (collectively, "Defendants") to dismiss Counts Two and Three of Plaintiff's Complaint in their entirety, and Counts One and Four in part, for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6); and on Plaintiff's motion to amend the Complaint, pursuant to FED. R. CIV. P. 15(a).[1]

For the reasons set forth below, Defendants' motion to dismiss Counts Two and Three of the Complaint in their entirety, will be granted with prejudice, and Defendants' motion to dismiss Counts One and Four of the Complaint in part, will be granted with prejudice. Plaintiff's motion

---

[1]Plaintiff's Motion to Amend the Complaint will also be considered as opposition to Defendants' Motion to Dismiss.

to amend the Complaint will be granted.

## BACKGROUND

Plaintiff Louise Scrutchins ("Plaintiff") is, an African American female, employed by DYFS as a Family Services Specialist since 1988. (Plaintiff's Complaint filed December 14, 2004, attached as Exhibit A to the Declaration of Elizabeth A. Pascal ("Pascal Decl., Ex. A"), at Count One ¶¶ 4, 7.) Plaintiff has a Master's Degree in Social Work. (Pascal Decl., Ex. A, Count One ¶ 4.)

In or about 1993, Plaintiff filed a racial discrimination lawsuit against DYFS in which she complained of several racially discriminatory practices. (Pascal Decl., Ex. A, Count One ¶ 10.)[2] From November 1997 to May 2004, Plaintiff applied for and was denied, twenty-four different positions within the DYFS.[3] (Pascal Decl., Ex. A, Count One ¶ 8 (a-x.))  Plaintiff alleges that

---

[2] Plaintiff also filed a claim against DYFS for racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Pascal Decl., Ex. A, Count One ¶ 10.) Her Complaint does not indicate when this claim was filed.

[3] Plaintiff alleges that in spite of her qualifications, Defendants "entirely overlooked and rejected" her applications for the following positions (listed in the exact same order as in the Complaint):

a)  May 2004: Family Service Specialist 1;
b)  January 2004: Administrative Analyst 2;
c)  January 2004: Program Support Specialist 1(AP);
d)  October 2003: Administrative Analyst I;
e)  September 2003: Program Support Specialist I (Training and Staff Development Unit);
f)  June 2003: Program Support Specialist I;
h)  February 2003: County Service Specialist;
i)  January 2002: FSS 1 Litigation Specialist;
j)  June 2002: Family Service Specialist;
i)  April 2002: Contract Administrator 1;
k)  October 2002: Case Practice Unit;
l)  November 2002: Case Practice Specialist (Northern Region);
m)  November 2002: Program Support Specialist I (Training and Staff Development Unit);

Defendants Stagg and Sabreen were involved in the decision making process for the positions she applied for. (Pascal Decl., Ex. A, Count One ¶ 8.) In or about June 2002, Plaintiff made a complaint of racial discrimination against DYFS (Plaintiff does not indicate to whom this complaint was made). (Pascal Decl., Ex. A, Count One ¶ 11.) According to Plaintiff, since she made her discrimination complaints, Defendants have denied her applications for promotions, denied her the opportunity to leave work at 5:00 p.m. to care for her gravely ill mother, subjected her to disciplinary actions, used a term she found racially offensive, and removed property from her desk. (Pascal Decl., Ex. A, Count One ¶¶ 11, 13-14.)[4]

On December 14, 2004, Plaintiff commenced this civil action against Defendants DYFS, Stagg,[5] and Sabreen[6] in the Superior Court of New Jersey, Essex County. (Pascal Decl., Ex. A, Count One ¶¶ 1-3.) Plaintiff asserts the following claims: race and gender discrimination, and retaliation under the New Jersey Law Against Discrimination ("LAD"), for failure to promote

---

n)  November 2002: Program Development Specialist I (Program Development Unit);
o)  October 2002: FSSI;
p)  September 2002: Program Development Specialist (Metro Foster Home Unit);
q)  January 2002: Investigator 1;
r)  January 2002: Executive Assistant 3;
s)  December 2001: Administrative Analyst I;
t)  December 2001: Family Services Specialists 2;
u)  November 2001: County Service Specialist/Case Practice Specialist;
v)  December 2001: Family Services Specialists 3;
w)  December 2000: Family Services Specialists 1; and
x)  November 1997: Family Services Specialists 2.

(See Pascal Decl., Ex. A, Count One ¶ 8 (a-x.))

[4]The Complaint does not indicate when these events took place.

[5]The District Office Manager of DYFS.

[6]The Regional Administrator of DYFS.

Plaintiff (Count One); breach of contract, and breach of the covenant of good faith and fair dealing (Count Two); State common law tort claims of fraud, deceit, and misrepresentation (Count Three); and violations of 42 U.S.C. §§ 1983 and 1985(3) (Count Four). (See Pascal Decl., Ex. A.)

On February 15, 2005, Defendants timely removed this action, pursuant to 28 U.S.C. §§ 1331 and 1441(b) because Plaintiff's suit involves a federal question; specifically, one of Plaintiff's claims arises under both 42 U.S.C. §§ 1983 and 1985. (Defs.' Notice of Removal dated February 15, 2005 ("Defs.' Removal"), at ¶ 4.) Defendants filed the instant motion to dismiss on May 13, 2005. On May 17, 2005, Plaintiff filed the instant motion to amend the Complaint.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will prevail ultimately. See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). As established by this Circuit, "[t]he pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1

F.3d 176, 183 (3d Cir. 1993) (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357).

While a Court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  Upon Rule 12(b)(6) motions, federal courts may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).  Finally, Rule 12(b)(6) authorizes federal courts to dismiss a claim based on a "dispositive issue of law."  Mruz v. Caring, Inc., 991 F. Supp. 701, 707 (D.N.J. 1998) (citing Nietzke v. Williams, 490 U.S. 319, 326-27 (1989)).

## DISCUSSION

In Count Two of the Complaint, Plaintiff alleges that Defendants breached the terms of her employment contract, as well as its implied covenant of good faith and fair dealing, by failing to promote her into the various positions listed in Count One of the Complaint.[7]  (Pascal Decl., Ex. A, Count One ¶ 8 (a-x), Count Two.)  Specifically, Plaintiff alleges that the contractual breach arises from Defendants' failure to promote Plaintiff on the basis of her "ability and merit," as contained in the provisions of the employment contract.  (Pascal Decl., Ex. A, Count Two ¶¶ 2-3.)

Defendants argue that Count Two should be dismissed with prejudice because it fails to state a claim upon which relief can be granted for two reasons: 1) Plaintiff does not have an

---

[7]See supra note 3.

individual employment contract with Defendants because she is a member of the Communications Workers of America, Local 1037; and 2) even if Plaintiff could show that a contract existed between the parties, her claim fails as a matter of law because she did not provide Defendants with a notice of claim, as required by the Contractual Liability Act, N.J. STAT. ANN. 59:13-1 to 13-10 (2005) ("CLA").  (Defs.' Br. in Supp. of Mot. to Dismiss at 4-5.)

As a preliminary matter, Defendants have not provided an evidentiary basis for their assertion that Plaintiff is a member of a union.  Therefore, Count Two cannot be dismissed on this ground.

Defendants argue that express or implied contract claims against the State of New Jersey (the "State") are governed by the CLA, and that prospective contract litigants against the State must be able to demonstrate that the threshold procedural requirements of the CLA have been fulfilled in order to maintain a contract suit against the State.  (Defs.' Br. in Supp. of Mot. to Dismiss at 5-6.)  This Court agrees.  Under the CLA, in order to maintain a contract claim against the State, a prospective contract litigant must notify the appropriate contracting agency within 90 days of accrual of the claim.  N.J. STAT. ANN. 59:13-5 (2005).[8]

---

[8]N.J. STAT. ANN. 59:13-5 (2005) provides, in pertinent part:
In all contract claims against the State, the claimant <u>shall be forever barred from recovering against the State</u> if:

a.  he fails to notify the appropriate contracting agency within 90 days of accrual of his claim except as otherwise provided in section 6 hereof; or

b.  he fails to file suit within 2 years of accrual of his claims or within 1 year after completion of the contract giving rise to paid claim, whichever may be later; . . . .

(emphasis added).

Here, Plaintiff does not allege that she served Defendants with a notice of claim for any of the twenty-four promotional opportunities included in Count One of the Complaint, which serve as the basis for her contract claims.  (See Pascal Decl., Ex. A, Counts One & Two). Furthermore, Defendants attest that they have never received a notice of claim (for the twenty-four promotional opportunities included in Count One) within the limitations period required by N.J. STAT. ANN. 59:13-5 (2005).  (See Declaration of Terri Adams dated May 6, 2005, attached as Exhibit B to the Declaration of Elizabeth A. Pascal ("Pascal Decl., Ex. B"), at ¶ 2.)  Plaintiff was most recently denied a promotion in May 2004.  Thus, by the plain terms of the statute, Plaintiff should have filed a notice of claim by August 2004 at the latest.  See N.J. STAT. ANN. 59:13-5 (2005).

Defendants further assert that Plaintiff cannot avail herself of the one year safe harbor provision contained in N.J. STAT. ANN. 59:13-6 (2005).[9]  This Court agrees.  Defendants attest that as of May 6, 2005, Plaintiff failed to provide Defendants with any notice, whether timely or late (utilizing the procedure set out in N.J. STAT. ANN. 59:13-6) for the twenty-four promotional opportunities included in Count One of her Complaint.  (Pascal Decl., Ex. B at ¶ 2.) Furthermore, Plaintiff's April 20, 2005 notice of claim (for six additional promotional

---

[9]N.J. STAT. ANN. 59:13-6 (2005) provides that:
A claimant who fails to file notice of his claim within 90 days as provided in section [5] of this chapter, may, in the discretion of a judge of the Superior Court of the State of New Jersey, be permitted to file such notice at any time within 1 year after the accrual of his claim provided that the State has not been substantially prejudiced thereby.  Application to a judge of the superior court for permission to file a late notice of claim shall be made upon motion based upon affidavits setting forth sufficient reason for the failure to file his notice of claim within the period of time prescribed by section [5] of this chapter.

opportunities that Plaintiff was denied in 2005, and which are not included in the instant Complaint), does not relate to any of the promotional opportunities included in Count One, and cannot serve as notice for those claims.[10] (See Pascal Decl. ¶ 5, Ex. C.)

This Court finds that Plaintiff failed to serve Defendants with a notice of claim for any of the twenty-four promotional opportunities included in Count One of the Complaint in accordance with the CLA; therefore, Plaintiff has failed to present a claim upon which relief can be granted. Accordingly, this Court grants Defendants' motion to dismiss Count Two of the Complaint, with prejudice.

In Count Three, Plaintiff alleges state common law tort claims of fraud,[11] deceit, and misrepresentation. Plaintiff alleges that Defendants misrepresented that she would be "judged upon the basis of merit and ability" for promotional opportunities. (Pascal Decl., Ex. A, Count Three ¶ 2.)

Defendants argue that Count Three should be dismissed with prejudice because it fails to state a claim upon which relief can be granted because Plaintiff failed to file a notice of claim for any of the twenty-four promotional opportunities included in Count One of the Complaint[12]

---

[10] An initial conference was held with Judge Haneke on March 30, 2005. Defendants assert that as of that date, Plaintiff was aware of the grounds for the instant motion, which prompted her to submit the April 20, 2005 notice of claim. (Defs.' Br. in Supp. of Mot. to Dismiss at 7-8.) Had Plaintiff desired to utilize the CLA's safe harbor provision, she would have had to seek permission from a Superior Court judge to file a late notice of claim by May 2005. It is clear that Plaintiff did not do so. (See Pl's Mot. to Amend the Complaint dated May 17, 2005; see also Defs.' Letter Mem. dated May 25, 2005.)

[11] Even if Plaintiff's fraud claim did not fail for lack of notice of claim, Plaintiff's fraud claim was pled improperly because Plaintiff has failed to plead the claim with the requisite particularity, as required by FED. R. CIV. P. 9(b).

[12] See supra note 3.

(which serve as the basis for her tort claims), in accordance with the New Jersey Tort Claims Act, N.J. STAT. ANN. 59:1-1 to 59:12-3 (2005) ("Tort Claims Act").  This Court agrees.

Like the CLA, the Tort Claims Act prescribes precise time limitations within which a claim may be brought against State agencies and employees.  N.J. STAT. ANN. 59:8-8 (2005). The filing of a notice of claim is a prerequisite to maintaining a suit against the State or a State employee.  N.J. STAT. ANN. 59:8-3 (2005).  By its terms, the statute requires that a notice of claim be presented no later than ninety days after the accrual of the cause of action.  N.J. STAT. ANN. 59:8-8 (2005).[13]  "Accrual" of a claim occurs when, among other things, the tort is committed.  N.J. STAT. ANN. 59:8-1 (2005); Fuller v. Rutgers, State Univ., 154 N.J. Super. 420, 423 (App. Div. 1977), cert. denied, 75 N.J. 610 (1978).

Here, Plaintiff was most recently denied a promotion in May 2004.  Thus, by the plain terms of the statute, Plaintiff should have filed a notice of claim by August 2004 at the latest. N.J. STAT. ANN. 59:8-8 (2005).  As discussed above, Plaintiff failed to file a notice of claim for any of the twenty-four promotional opportunities identified in Count One of her Complaint.  (See

---

[13]N.J. STAT. ANN. 59:8-8 (2005) provides that:
A claim relating to a cause of action for death or for injury or damage to person or property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action.  After the expiration of six months from the date notice of the claim is received, the claimant may file suit in an appropriate court of law.  The claimant shall be forever barred from recovering against a public entity or public employee if:

a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or

b. Two years have elapsed since the accrual of the claim; . . . .

(emphasis added.)

9

Pascal Decl., Ex. B, at ¶ 2.)  Furthermore, Plaintiff cannot avail herself of the motion procedure in the Tort Claims Act for filing late notices of claim.  N.J. STAT. ANN. 59:8-8 to 59:8-9 (2005).[14]  Here, all of Plaintiff's tort claims accrued beyond the one year period contained in the safe harbor provision.  N.J. STAT. ANN. 59:8-9 (2005).  The most recent of the twenty-four promotional opportunities that serve as a basis for Plaintiff's tort claims accrued in May 2004.  Therefore, the one year period expired in May 2005.  As discussed above, as of May 6, 2005, Defendants had received no notice of claim from Plaintiff regarding the promotional opportunities included in Count One of her Complaint.[15]  (See Pascal Decl., Ex. B, at ¶ 2.)

After the one year period provided by N.J. STAT. ANN. 59:8-9 (2005) expires, a court lacks jurisdiction or discretion to relieve a claimant from her failure to have filed a timely notice of claim.  Iaconianni v. New Jersey Tpk. Auth., 236 N.J. Super. 294, 298 (App. Div. 1989), cert. denied, 121 N.J. 592 (1990).  Furthermore, in accordance with the Tort Claims Act, no suit may be filed against a public entity or employee later than two years from the time of accrual of the

---

[14]N.J. STAT. ANN. 59:8-9 (2005) provides that:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby.  Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two 2 years from the time of the accrual of the claim.

(emphasis added).

[15]See supra note 10.

claim. N.J. STAT. ANN. 59:8-9 (2005). Therefore, even if Plaintiff had followed the motion procedure for filing late notices of claim (which she did not), the majority of the promotional opportunities which serve as the basis of her tort claims are still forever barred.

Plaintiff failed to serve Defendants with a notice of claim in accordance with the Tort Claims Act for any of the twenty-four promotional opportunities included in Count One of her Complaint; therefore, Plaintiff has failed to present a claim upon which relief can be granted. Accordingly, this Court grants Defendants' motion to dismiss Count Three of the Complaint, with prejudice.

In Count One of the Complaint, Plaintiff alleges that Defendants discriminated against her on the basis of race and gender, and retaliated against her for filing a racial discrimination lawsuit in 1993, and for her subsequent complaints regarding DYFS' discriminatory practices (Pascal Decl., Ex. A, Count One ¶¶ 6, 10-11.) More specifically, Plaintiff claims that she was denied twenty-four separate promotional opportunities, within a six and one half year period from November 1997 until May 2004.[16] (Pascal Decl., Ex. A, Count One ¶¶ 5-9, 11-14.)

Defendants argue that Count One should be partially dismissed with prejudice because several of Plaintiff's promotional claims[17] are barred by LAD's statute of limitations, and Plaintiff cannot avail herself of the continuing violation exception to extend the limitations

---

[16] See supra note 3.

[17] Defendants assert that each alleged incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable employment practice (i.e., each of the twenty-four promotional opportunities included in Count One of the Complaint constitute a separate actionable employment practice for the purposes of the LAD statute of limitations).

period.[18]  This Court agrees.

Under New Jersey law, the LAD contains a two-year statute of limitations.  Montells v. Haynes, 133 N.J. 282, 292 (1993).  Plaintiff filed her present Complaint on December 14, 2004.  Therefore, any LAD claims which predate December 14, 2002, are time-barred.  Accordingly, the only LAD claims that may survive the two-year statute of limitations period are those regarding Plaintiff's failure to obtain the promotional opportunities pled in subparagraphs 8(a) through 8(h) of Count One of the Complaint.  (Pascal Decl., Ex. A, Count One ¶ 8 (a-h.))  The remaining LAD claims, regarding the promotional opportunities pled in subparagraphs 8(i) through 8(x) of Count One of the Complaint, are barred by LAD's statute of limitations, and must be dismissed.  Therefore, this Court grants Defendants' motion to dismiss Count One in part (i.e., the LAD claims regarding the promotional opportunities pled in subparagraphs 8(i) through 8(x) of Count One of the Complaint), with prejudice.

In Count Four of the Complaint, Plaintiff alleges a violation of 42 U.S.C. § 1983 and § 1985(3).  Specifically, Plaintiff alleges that the Defendants "conspired to deprive [her] of an opportunity to seek, apply, and obtain a promotion."  (Pascal Decl., Ex. A, Count Four ¶ 2.)

---

[18]In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) the Supreme Court of the United States analyzed the difference between discrete discriminatory acts, and the cumulative effect of a series of discriminatory or harassing incidents in the Title VII context.  The Morgan court held that because discrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire, are easily identifiable, each alleged incident of discrimination and/or retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.  Id.  Thus, a discrete retaliatory or discriminatory act occurs on the date that it actually happened.  Id. at 110.  Discrete discriminatory acts are not actionable if they are out of the limitations period, even if they are related to acts alleged within the limitations period.  Id. at 113.  Each discrete discriminatory act starts a "new clock" for the limitations period attendant to that act.  Id.  In Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 19-21 (2002), the New Jersey Supreme Court analyzed, and adopted the Morgan framework for analyzing LAD claims.

Defendants argue that Count Four should be partially dismissed with prejudice because several of Plaintiff's promotional claims are barred by the statute of limitations for civil rights actions. This Court agrees.

The applicable statute of limitations in civil rights actions filed under 42 U.S.C. § 1983 is determined by the State's statute of limitations for personal injury actions, regardless of the topical nature of the civil rights claim pled. Owens v. Okure, 488 U.S. 235, 239-41 (1989). Likewise, the applicable statute of limitations for actions brought under § 1985(3) follows the limitations period for claims brought under 42 U.S.C. § 1988, which is also the applicable state "general, residual statute of limitations for personal injury actions." Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (citations omitted). Under New Jersey law, the limitations period for personal injury claims is two years. N.J. STAT. ANN. 2A:14-2 (2005). Hence, all claims brought in New Jersey under 42 U.S.C. §§ 1983 and 1985(3) are subject to a two-year statute of limitations period.

As explained above, several of Plaintiff's promotional claims are time-barred because those alleged discriminatory acts, which serve as the basis for Plaintiff's civil rights claim, occurred more than two years before Plaintiff filed her Complaint.[19] Accordingly, the only civil rights claims that may survive the two-year statute of limitations period are those regarding Plaintiff's failure to obtain the promotional opportunities pled in subparagraphs 8(a) through 8(h) of Count One of the Complaint. (Pascal Decl., Ex. A, Count One ¶ 8 (a-h.)) The remaining civil rights claims, regarding the promotional opportunities pled in subparagraphs 8(i) through 8(x) of

---

[19]Plaintiff filed her present Complaint on December 14, 2004. Therefore, any promotional claims which predate December 14, 2002, are time-barred. See supra note 3.

Count One of the Complaint, are barred by the statute of limitations and must be dismissed. Therefore, this Court grants Defendants' motion to dismiss Count Four in part (i.e., the civil rights claims regarding the promotional opportunities pled in subparagraphs 8(i) through 8(x) of Count One of the Complaint), with prejudice.

In response to Defendants' motion to dismiss the Complaint, Plaintiff now seeks to amend the Complaint to add additional instances where Defendants denied her a promotion. (Certification of Christopher C. Roberts in Supp. of Pl.'s Mot. to File an Am. Compl. ("Roberts Cert."), at ¶ 6.)

Pursuant to FED. R. CIV. P. 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party. Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). A general presumption exists in favor of allowing a party to amend its pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice. See Foman, 371 U.S. at 182; Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984). "[A] refusal of a motion for leave to amend must be justified." Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995). The Third Circuit has identified the following as permissible justifications for denying a motion to amend: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." Id. at 90 (citing Foman, 371 U.S. at 182)). "Amendment of the

complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citation omitted).

Although Defendants note that Plaintiff has cited no law, nor presented any legal basis for moving to amend her Complaint at this time, they nonetheless state that:

> a review of the proposed amended complaint demonstrates that plaintiff seeks to add several discreet acts in Count One to those already listed in the original complaint. Since the dates of those acts do not appear to be time barred, the defendants do not necessarily object to their inclusion of same in Count One. However, defendants are not waiving any right to file appropriate responsive pleading to same.

(Defs.' Letter Mem.)

As there is no "undue delay," "bad faith or dilatory motive," apparent "futility of the amendment" or "undue prejudice" to Defendants, Plaintiff should be permitted to amend the Complaint.[20] Foman, 371 U.S. at 182. Therefore, this Court grants Plaintiff's motion to amend the Complaint.

---

[20]Plaintiff is permitted to amend the complaint to add the six additional instances where Defendants denied her a promotion in 2005. (See Roberts Cert. ¶ 6.) However, in light of this Opinion, Plaintiff's proposed amended complaint must be revised to accord with the law. (See Roberts Cert. ¶ 7, Ex. A.)

## CONCLUSION

For the reasons set forth above, this Court grants Defendants' motion to dismiss Counts Two and Three of the Complaint with prejudice, and grants Defendants' motion to dismiss Counts One and Four of the Complaint in part, with prejudice, pursuant to FED. R. CIV. P. 12(b)(6).

Pursuant to FED. R. CIV. P. 15(a), this Court grants Plaintiff's motion to amend the Complaint.


Dated: December 28, 2005

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.
